UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMONE JONES,

        Plaintiff,

                                                File No. 2:07-CV-239

v.

                                                HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On February 14, 2008, United States Magistrate Judge Timothy P. Greeley issued a

Report and Recommendation ("R&R") recommending that Plaintiff Ramone Jones's 42

U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C.

§§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which

relief can be granted.  Plaintiff filed objections to the R&R on March 3, 2008.

This Court is required to make a de novo determination of those portions of the R&R

to which objection has been made, and may accept, reject, or modify any or all of the

Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b).

The Magistrate Judge determined that Plaintiff's allegations concerning Defendants'

denial of his request for photocopies failed to state a First Amendment claim because

Plaintiff did not allege that he suffered an actual injury.   In his objections Plaintiff acknowledges his failure to allege prejudice or injury.   Although Plaintiff asserts that he will amend his complaint to state such prejudice and injury he suffered, Plaintiff has still not identified what prejudice or injury he suffered.   Accordingly, the Court agrees with the Magistrate Judge that Plaintiff has failed to state a First Amendment access to courts claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (requiring a showing that the denial of access to legal materials caused actual injury).

The Magistrate Judge determined that Plaintiff's allegations regarding the confiscation of his legal materials failed to state a due process claim because he received due process of law.   In his objections Plaintiff continues to assert that he had a right to the materials.   Plaintiff's objections are not responsive to the R&R's determination that even if he had a right implicating the due process clause, he received the process that was due.   The Magistrate Judge correctly concluded that Plaintiff failed to state a due process claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 8) are **DENIED**.

**IT IS FURTHER ORDERED** that the February 14, 2008, R&R (Dkt. No. 7) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's  complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).


Dated: <u>September 29, 2008</u>                    <u>/s/ Robert Holmes Bell</u>
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE